IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALAN CALDERON,<br><br>　　　　　　　Plaintiff,<br><br>　　vs.<br><br>GEORGIA-PACIFIC CORRUGATED LLC, GEORGIA-PACIFIC WEST, INC., TROY BERGMAN, and TODD WELLS,<br><br>　　　　　　　Defendants.<br>_____/ | CASE NO. CV F 08-933 LJO GSA<br><br>**ORDER ON DEFENDANT'S MOTION TO DISMISS INDIVIDUAL DEFENDANTS**<br>(Doc. 10) |

**INTRODUCTION**

Defendants Georgia-Pacific Corrugated LLC and Georgia-Pacific West, Inc. (collectively "Georgia-Pacific") move to dismiss with prejudice, pursuant to Fed. R. Civ. P. ("Rule") 12(b)(6), plaintiff Alan Calderon's ("Mr. Calderon's") complaint against defendants Troy Bergman ("Mr. Bergman") and Todd Wells ("Mr. Wells"). Georgia-Pacific argues that, as a matter of law, Mr. Calderon cannot state his California Fair Employment and Housing Act ("FEHA"), Cal. Gov. Code §§12900 *et seq.*, claims against Mr. Bergman and Mr. Wells as non-employer individuals. Mr. Calderon failed to oppose Georgia-Pacific's motion. As a result, he is not entitled to be heard in opposition at oral argument. L.R. 78-230(c). Accordingly, the Court VACATES the September 17, 2008 motion hearing pursuant to L.R. 78-230(h). For the reasons discussed below, this Court DISMISSES with prejudice Mr. Calderon's claims against Mr. Bergman and Mr. Wells.

**BACKGROUND**

Mr. Calderon was a Georgia-Pacific employee who "became disabled within the meaning of [Cal.] Government Code section 12926." Compl., ¶4. In his complaint, originally filed in state court on May 22, 2008, Mr. Calderon asserts two FEHA causes of action against Georgia-Pacific, Mr. Bergman,

1

and Mr. Wells (collectively "defendants"). In his "Failure to Accommodate and Prevent Discrimination" claim, Mr. Calderon alleges that beginning on October 15, 2006, defendants "failed to engage in an interactive process to determine a reasonable accommodation for [Mr. Calderon's] disability. Defendants, and each of them, further failed to provide or withdrew reasonable accommodations for [his] disability." Compl., ¶7.  In his "Disability Discrimination" claim, Mr. Calderon alleges that on July 1, 2007, "defendants, and each of them, denied [Mr. Calderon] employment with Georgia-Pacific" and that his "disability...was a motivating reason for denial of employment." Compl., ¶13.

## DISCUSSION

### Rule 12(b)(6) Motion To Dismiss Standards

Georgia-Pacific moves to dismiss Mr. Calderon's complaint for failure to state a claim against Mr. Bergman and Mr. Wells. A Rule 12(b)(6) motion to dismiss is a challenge to the sufficiency of the pleadings set forth in the complaint. A Rule 12(b)(6) dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). In resolving a Rule 12(b)(6) motion, the court must: (1) construe the complaint in the light most favorable to the plaintiff; (2) accept all well-pleaded factual allegations as true; and (3) determine whether plaintiff can prove facts to support a claim that would merit relief. *Cahill v. Liberty Mut. Ins. Co.,* 80 F.3d 336, 337-338 (9th Cir. 1996). A court need not permit an attempt to amend a complaint if "it determines that the pleading could not possibly be cured by allegation of other facts." *Cook, Perkiss and Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990).

With these standards in mind, this Court turns to Georgia-Pacific's arguments.

### FEHA Discrimination Claims Not Permitted Against an Individual

Mr. Calderon avers that Mr. Bergman and Mr. Wells work as "supervisors, managers, and/or superintendents" [at] Georgia-Pacific. Compl., ¶1. Mr. Calderon identifies Mr. Bergman and Mr. Wells as "the agent[s] and employee[s]" of Georgia-Pacific who were "acting within the course and scope of such agency and employment" when they committed the acts alleged. Compl., ¶3. Georgia-Pacific argues that neither FEHA claim is viable against the individual defendants.

As supervisors or employees, Mr. Bergman and Mr. Wells cannot be held liable for Mr.

Calderon's FEHA claims. Mr. Bergman and Mr. Wells, as supervisors, managers, superintendents, and/or agents of Georgia-Pacific, are not Mr. Calderon's "employers." "[I]ndividuals who do not themselves qualify as employers may not be sued under the FEHA for alleged discriminatory acts." *Reno v. Baird*, 18 Cal. 4th 640, 663 (1998); *see also, Jones v. The Lodge at Torrey Pines Partnership*, 42 Cal. 4th 1159, 1160 (2008) (employer, but not non-employer individual, may be held liable for retaliatory discrimination). Mr. Bergman and Mr. Wells cannot be held liable personally as individual defendants for Mr. Calderon's disability discrimination claim, nor his claim for failure to prevent disability discrimination and/or failure to accommodate. *See Reno*, 18 Cal. 4th at 643-46; *Ball v. Los Rios Comm. College Dist.*, 2007 U.S. Dist. LEXIS 43578, 6 (E.D. Cal. 2007) ("In light of the policy against holding individuals liable, and the plain language of the statute," individual defendants cannot be held liable for failure to accommodate claim under FEHA); *but see*, *Jones*, 42 Cal. 4th at 1162 (recognizing that an employee is responsible personally for any harassment perpetrated by that employee) (citing Cal. Gov. Code §12940(j)(3)). Accordingly, Mr. Calderon fails to state a cognizable legal theory against Mr. Bergman and Mr. Wells. As Mr. Bergman and Mr. Wells cannot, as a matter of law, be held liable for these claims, amendment is futile and dismissal with prejudice is appropriate.[1]

## CONCLUSION AND ORDER

For the reasons discussed above, this Court:

1. GRANTS Georgia-Pacific's motion to dismiss Mr. Bergman and Mr. Wells;
2. DIRECTS the clerk of court to terminate defendants Troy Bergman and Todd Wells;
3. VACATES the September 17, 2008 hearing; and
4. ORDERS Mr. Calderon, no later than September 12, 2008, to file and serve an amended complaint. IT IS SO ORDERED.

**Dated:   September 4, 2008**              /s/ Lawrence J. O'Neill
                                            UNITED STATES DISTRICT JUDGE

---

[1] The Court does not reach Georgia-Pacific's "sham defendant" argument.